## STATE COURT OF APPEALS

### No. 133
### SHARP v. KRUPAR
Ohio Appeals, 4th Dist., Franklin County
No. 1142. Decided Jan. 25, 1924

**921. PHYSICIANS AND SURGEONS—Action for negligence in treating injuries—$2500 verdict held excessive, and reduced to $1500.**

ALLREAD, J.

#### Epitomized Opinion
First Publication of this Opinion

Original action for damages in the Common Pleas in which Mary Krupar was plaintiff and Robert J. Sharp was defendant. Plaintiff received a broken leg in an automobile accident. Defendant, a doctor, was called and treated plaintiff five days. Another doctor was then called who sent plaintiff to a hospital. Plaintiff's petition charged defendant with negligence in (1) failure to discover and set the broken bones, and (2) causing or permitting an infection in the wound. Plaintiff obtained a verdict for $5,000 which was reduced to $2500 by remittitur, upon suggestion of the trial court, and judgment was rendered. Defendant prosecuted error. Held:

The testimony tending to prove a failure to discover and set the broken bones manifestly does not sustain the verdict. There was evidence that every wound ordinarily receives some infection. There is nothing in the evidence to show negligence of a major character on defendant's part. He may have been somewhat careless in not using all possible means to minimize or control the infection. The facts might justify a verdict for $1500 but this court cannot sustain a verdict for a larger amount. If the judgment above $1500 is remitted the judgment so modified may be affirmed; otherwise the judgment will be reversed and the cause remanded.

Attorneys—Frank S. Monnett and A. W. Webber, for plaintiff; Hogan, Hogan & Hogan, for defendant, all of Columbus.

### No. 134
### BUROS et al v. CHAPMAN
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4791. Decided Jan. 14, 1924

**182. BROKERS—Placing property for sale in hands of real estate brokers entitles him to regular and customary commission—Failure to provide as to payment of taxes, insurance, does not warrant finding that agent had not procured purchaser as agreed.**

SAYRE, J.

#### Epitomized Opinion
First Publication of this Opinion

This was an action to recover a real estate commission. The contract was not written. In his suit filed in the Municipal Court of Cleveland the plaintiff claimed that the agreement was to procure a purchaser who was ready, able and willing to buy the premises at a valuation of $12,500 and that he was to receive 4 per cent commission on the selling price. The defendant claimed that the agent was to procure from the buyer in addition to the $12,500, an amount equal to the agent's commission. The lower court rendered judgment for the plaintiff, whereupon the defendant prosecuted error. In sustaining the judgment, the Court of Appeals held:

1. As the defendant placed the property in the hands of the plaintiff to sell for him, the plaintiff was entitled to the regular and customary rate of 4 per cent for the selling of said property, even though the contract was silent as to the matter of commissions.

2. As no understanding was had between the seller and the real estate agent as to the payment of taxes, insurance, certificiate of title or rent, the fact that such matters were not included in the purchase price would not warrant a finding that the agent had not procured a purchaser as agreed.

Attorneys—Rocker & Schwartz, for Buros; Young, Stocker & Fenner, for Chapman; all of Cleveland.

---

# This Weeks Digest
## TABLE OF CASES
Published in This Week's Abstract

**FEDERAL COURTS**
**U. S. Court of Appeals**
Chin Hoy v. United States, 8 Abs. 130.

**STATE COURTS**
**Ohio Supreme Court**
State ex v. Barnell, 2 Abs. 133.
State ex v. Powell, 2 Abs. 134.
State ex v. Harris, 2 Abs. 133.

**Abstracts of Pending Cases**
Aldrich v. Friedman, 2 Abs. 135.
Courtright v. Scrimger, 2 Abs. 135.
Hover v. Gardner, 2 Abs. 135.
New Prague Co. v. Fisher, 2 Abs. 136.
Norton v. Norton, 2 Abs. 136.
Rickey v. Baughman, 2 Abs. 136.

**Ohio Court of Appeals**
Buros v. Chapman, 2 Abs. 141.
Columbus Railway v. Payne, 2 Abs. 140.
Denton v. Pittsburgh Co., 2 Abs. 138.
Dollar Savs. Co. v. Trenton Co., 2 Abs. 141.
Howenstein v. Cheveney, 2 Abs. 140.
McCartney v. Roberts, 2 Abs. 138.
Price v. Insande, 2 Abs. 139.
Ross v. State, 2 Abs. 139.
Schornfield v. Pittsburgh Ry., 2 Abs. 140.
Sharp v. Krugar, 2 Abs. 151.
Steeves v. Cancenni, 2 Abs. 139.
Worthington & Co. v. Tucker, 2 Abs. 138.
Youngst. Grocery Co. v. Davis Bros., 2 Abs. 137.